Curia, per

Earle, J.
The Act of 1824,(a) provides that incases, “ the true measure of damages shall be the amount of purchase money, at the time of alienation, with legal interest.” Such has been the settled rule at law, since the case Furman vs. Elmore, (b) The defendant, under his discount, has under that rule, been allowed damages, proportioned to the actual value of the land recovered from him. Independently of the Act, and the previous settled rule, it would be difficult to sustain, on any principle, or by any argument, the proposition, that damages could be recovered for the inconvenience complained of, as resulting from the loss, in addition to the value of the land. The standard of damages should not only be uniform, but such as to enable it to be applied to every case of eviction, by title paramount. There *25 is no reason why the rule for assessing damages, where the land recovered lies in one part of the tract conveyed, should be different from what it would be if the land lay in another place. Indeed, it is a conclusive answer to the proposition, to say, that there can be no standard, or rule, for assessing damages, for the inconvenience here complained of. They are altogether speculative and uncertain. If it should suit the interest of the vendee to sell the remainder of the tract in two parcels, then there is no damage at all. If he cultivates on one side only, the inconvenience is trifling ; if on both sides, it is greater. If a person were to purchase a tract of land adjoining one whereon he resided, and should be evicted from a portion of his purchase, nearest his residence, he too might claim additional consequential damages, to a greater amount than if the loss accrued on the side of the tract most remote ; and in every case, the assessment would depend on the accidental circumstances of residence and cultivation. It is well settled, that a vendee cannot recover for actual improvements, however expensive or permanent; and for a much stronger reason, he should not be allowed to recover for a mere inconvenience, arising from a change in the shape of his tract, or the Relative position of his fields. This question was settled in the case of Henning vs. Withers, (3 Brev. Rep. 458) which was very well considered. The defendant purchased a tract of land, with a stream of water running through it, on which, but lower down, and without the boundaries of the tract, he built a saw mill. He was evicted by title paramount, of a narrow strip of the land, on the side nearest the mill, and extending across the stream ; in consequence of which, he was obliged to lessen the height of his dam, and of course the quantity of water in his pond ; whereby the profits of his saw mill were greatly diminished. Being- sued on the bond for the purchase money, he claimed by way of discount, not only an abatement for the actual value of land, but for the consequential damage, resulting from the loss, in its effect upon the profits of the mill. But it was held, the whole Court concurring, that he was entitled only to an abatement for the value of the land.
Woodward, for the motion. Fair, contra,
The motion is refused :
the whole court concurring.

 4 Stat. 238. An.

 2 N. & McC. 189. An.